1
2
3
4
5
6
7           IN THE UNITED STATES DISTRICT COURT
8         FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   RODOLFO PULIDO,                    )
                                        )
11              Plaintiff(s),           )     No. C 12-6401 CRB (PR)
                                        )
12      vs.                             )     ORDER OF DISMISSAL
                                        )
13   ALAMEDA COUNTY, et al.,            )     (Docket # 4)
                                        )
14              Defendant(s).           )
     _____)
15
16          Plaintiff has filed a pro se complaint under 42 U.S.C. § 1983 alleging that,

17   while he was recently detained at the Alameda County Jail, he discovered that

18   Alameda County had failed to remove from its records a prior case against him

19   that was dismissed or expunged in 2007.  Plaintiff seeks damages and leave to

20   proceed in forma pauperis under 28 U.S.C. § 1915.

21                              **DISCUSSION**

22   A.     Standard of Review

23          Federal courts must engage in a preliminary screening of cases in which

24   prisoners seek redress from a governmental entity or officer or employee of a

25   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

26   claims or dismiss the complaint, or any portion of the complaint, if the complaint

27   "is frivolous, malicious, or fails to state a claim upon which relief may be

28   granted," or "seeks monetary relief from a defendant who is immune from such

relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

The inaccuracy of records compiled or maintained by the government is not, standing alone, sufficient to state a claim of constitutional injury under the Due Process Clause.  See Paul v. Davis, 424 U.S. 693, 711-714 (1976).[1]

Under California law, an inmate questioning the accuracy of any material contained in a record of his criminal history must file a written request with the agency holding the record.  See Cal. Penal Code § 13324(a).  After a formal request and denial by the agency, the inmate must refer the matter to administrative adjudication in accord with the rules of the local governing body. See id. § 13324(c).  These regulations do not contain substantive predicates or mandatory language requiring any specific outcome when a determination on a request to amend information in a person's criminal record is made.  The regulations state no criteria, for example, which must be found before a request will be granted or denied.  A provision that merely provides procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461-62 (1989); Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993).

---

[1]See, e.g., Reyes v. Supervisor of DEA, et al., 834 F.2d 1093, 1097 (1st Cir. 1987) (no due process claim for false information maintained by police department); Pruett v. Levi, 622 F.2d 256, 258 (6th Cir. 1980) (mere existence of inaccuracy in FBI criminals files does not state constitutional claim).

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim of constitutional injury under the authority of 28 U.S.C. § 1915A(b). But based solely on his affidavit of poverty, plaintiff's request to proceed IFP (docket # 4) is GRANTED.

The clerk is instructed to enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:   Jan. 3, 2013          _____

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Pulido, R.12-6401.dismissal.wpd

3